UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - X
                                 :
UNITED STATES OF AMERICA         :   INDICTMENT
                                 :
          - v. -                 :   20 Cr.
                                 :
ANTHONY YOUNG                    :
                                 :   20 CRIM 201
          Defendant.             :
                                 :
- - - - - - - - - - - - - - - - X

## COUNT ONE
**(Conspiracy to Commit Hobbs Act Robbery)**

The Grand Jury charges:

1. On or about January 22, 2020, in the Southern District of New York and elsewhere, ANTHONY YOUNG, the defendant, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree, together and with each other, to commit robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and would and did thereby obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3).

(Title 18, United States Code, Section 1951.)

## COUNT TWO
**(Attempted Hobbs Act Robbery)**

The Grand Jury further charges:

2. On or about January, 22, 2020, in the Southern District of New York and elsewhere, ANTHONY YOUNG, the

defendant, did knowingly attempt to commit robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and did thereby obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, YOUNG attempted to rob at gunpoint a commercial establishment in the Bronx, New York.

(Title 18, United States Code, Sections 1951 and 2.)

## COUNT THREE
### (Hobbs Act Robbery)

The Grand Jury further charges:

3. On or about February 5, 2020, in the Southern District of New York and elsewhere, ANTHONY YOUNG, the defendant, knowingly did commit robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and did thereby obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, YOUNG robbed a commercial establishment in New York, New York, and brandished a firearm in the course of committing the robbery.

(Title 18, United States Code, Sections 1951 and 2.)

## COUNT FOUR
### (Carrying and Brandishing of a Firearm)

The Grand Jury further charges:

4. On or about February 5, 2020, in the Southern District

of New York and elsewhere, ANTHONY YOUNG, the defendant, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, namely, the robbery charged in Count Three of this Indictment, knowingly did use and carry a firearm, and, in furtherance of such crime, did possess a firearm, and did aid and abet the use, carrying, and possession of a firearm, which was brandished during the robbery charged in Count Three of this Indictment.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), (ii) and 2.)

## FORFEITURE ALLEGATION

5. As a result of committing the offense alleged in Count Three of this Indictment, ANTHONY YOUNG, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds personally obtained by the defendant traceable to the commission of said offense.

## SUBSTITUTE ASSETS PROVISION

6. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third person;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Section 981;
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)

_____
FOREPERSON

*Geoffrey S. Berman*
GEOFFREY S. BERMAN
United States Attorney

Ⓐ J. Wood /oTW · 3·11·20

Form No. USA-33s-274 (Ed. 9-25-58)

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

ANTHONY YOUNG,

Defendant.

### INDICTMENT

20 Cr.

(18 U.S.C. §§ 1951, 924(c)(1)(A)(i), (ii) and 2.)

GEOFFREY S. BERMAN
United States Attorney

_____ 3/11/20
Foreperson

Indictment filed 3/11/20
Judge Wood
3/11/20